# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SALVADOR HONEY NUNEZ, </br>     Plaintiff, </br> </br> v. </br> </br> UNITED STATES STEEL, </br>     Defendant. | ) </br> ) </br> ) </br> )     CAUSE NO.: 2:17-CV-26-PRC </br> ) </br> ) </br> ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 23], filed by Defendant United States Steel on May 10, 2017.

## PROCEDURAL HISTORY

Plaintiff Salvador Honey Nunez initiated this cause of action by filing a Complaint on January 20, 2017. At the time, he was proceeding pro se. On January 24, 2017, Plaintiff supplemented his complaint by filing a Dismissal and Notice of Rights sent to him by the United States Equal Employment Opportunity Commission (EEOC) and by filing a Charge of Discrimination ("Charge") that he had filed with the Indiana Civil Rights Commission and EEOC.

On April 17, 2017, Attorney Daniel Zamudio entered an appearance on behalf of Plaintiff.

On May 1, 2017, Plaintiff filed a First Amended Complaint with the same Dismissal and Notice of Rights and Charge attached to the pleading.

On May 10, 2017, Defendant filed the instant motion. Plaintiff filed a response on May 24, 2017, and Defendant filed a reply on May 31, 2017.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

**ANALYSIS**

Defendant argues in its Motion to Dismiss that Plaintiff's Amended Complaint should be dismissed because Plaintiff did not file his Charge with the EEOC before his deadline to do so. Plaintiff counters that his Charge was timely filed when calculated from the date that Plaintiff received notice that Defendant would not rehire Plaintiff.

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . , because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to file a Title VII claim, a plaintiff must first file a charge of employment discrimination with the EEOC that encompasses the conduct complained of and must receive a statutory notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(e), (f); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Conner v. Ill. Dept. of Nat. Res.*, 413 F.3d 675, 680 (7th. Cir. 2005). The charge must be filed within 300 days after the alleged discrimination; failure to file a timely charge precludes a lawsuit on the claim. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005). "[E]ach discriminatory act starts a new clock for filing charges alleging that act." *Id.* (internal quotation marks omitted) (quoting *Chakonas v. City of Chi.*, 42 F.3d 1132, 1135 (7th Cir. 1994)).

As a general rule, a Title VII plaintiff cannot bring a claim in a lawsuit that was not encompassed in the EEOC charge, but such claims may be brought "if they are like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011) (alteration in original) (internal quotation marks omitted) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins.*, 538 F.2d 164, 167 (7th Cir. 1976) (en

banc)). "The complaint filed in the district court and the charge filed with the EEOC must, at a minimum, describe the same circumstances and participants." *Conner*, 413 F.3d at 680 (citing *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202-03 (7th Cir. 1996)).

The EEOC filing requirement serves the dual purpose of affording the EEOC and the employer an opportunity to settle disputes through the EEOC process and of giving the employer some warning of the alleged conduct at issue. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). Because EEOC charges are often completed by laypersons, the scope of an EEOC charge is read liberally, and a Title VII plaintiff need not allege each and every fact in the charge that, in the aggregate, forms the basis of the claims in the complaint. *Id.*

In the Charge that Plaintiff filed with the EEOC, Plaintiff's full description of the alleged discrimination is

> I began my employment with [Defendant] on or about August 7, 2007. My most recent position was Mill Wright. During my employment, I was subjected to harassment[,] and I was discharged.
>
> I believe that I have been discriminated against because of my sex, male, and my national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Am. Compl. Ex. 1, ECF No 21-1).

In his First Amended Complaint, Plaintiff alleges as follows. On March 30, 2015, Plaintiff was terminated from his employment with Defendant for a safety violation. Pursuant to a collective bargaining agreement, Plaintiff had an opportunity for re-employment and pursued this opportunity. An arbitration was held on November 11, 2015. On December 21, 2015, Plaintiff received notice that he was not rehired. On October 17, 2016, Plaintiff filed his Charge. In the Charge, Plaintiff

4

listed the last date of discrimination as March 30, 2015. The EEOC mailed the Dismissal and Notice of Rights to Plaintiff on October 20, 2016. This form indicates that the EEOC closed its file on Plaintiff's Charge because the Charge was not timely filed with the EEOC. Plaintiff alleges in the First Amended Complaint that Defendant discriminated against him by refusing to negotiate an arbitration fairly, terminating him, and disciplining him unfairly for a safety violation. The only discipline mentioned in the Amended Complaint is termination of employment.

As stated in the Charge and Plaintiff's Amended Complaint, Defendant terminated Plaintiff's employment on March 30, 2015. Plaintiff filed his Charge on October 17, 2016, almost 19 months later and long after the 300-day deadline to file the Charge had passed. Pursuing internal grievance procedures does not toll the deadline to file the Charge. *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 533 (7th Cir. 1996). Thus, Plaintiff's claim for relief based on discipline, that is, his termination from employment with Defendant, is time-barred. The same would apply to a claim for relief based on harassment, which was raised in the EEOC filing, but this form of discrimination was not alleged in the Amended Complaint.

The other claim for relief in the Amended Complaint is for discrimination in refusing to negotiate an arbitration fairly. To the extent this claim can be construed as a claim of failure to rehire Plaintiff as a result of the grievance process involving arbitration, "because the decision not to reverse an adverse employment decision is not a fresh act of discrimination, an employee cannot toll the limitations period by pursuing grievance proceedings." *Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980); *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 373 (7th Cir. 2001)). To the extent this claim is for other behavior in the arbitration process, the claim also fails. This claim for relief is not specifically brought in the

Charge, and the description of the discrimination in the Charge does not put either the EEOC or Defendant on notice that Plaintiff seeks relief on the basis of discriminatory actions during the arbitration. Defendant's decisions or actions during the arbitration process are independent of the conduct referenced in the Charge. The narrative in the Charge only references the period of time during Plaintiff's employment up to and including his discharge from Defendant's employ. Because any claim of discrimination based on the arbitration is not like or reasonably related to the allegations of the charge and growing out of such allegations, Plaintiff's claim for relief based on Defendant's failure to negotiate arbitration fairly is dismissed.

Because, as discussed above, dismissal of all of Plaintiff's claims is required on independent grounds, the Court need not determine whether, as Plaintiff argues, the Complaint should be deemed timely filed due to equitable tolling.

The general rule is that, when a complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6), the dismissal is without prejudice. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir, 2013). However, if any amendment to a claim would be futile, a plaintiff need not be given leave to amend the claim. *Id.* The termination and discipline claims were untimely filed with the EEOC, and any amendment to these claims would be futile. Thus, the dismissal of these claims will be with prejudice. Because it is possible—though unknown to this Court whether true—that Plaintiff has filed a separate, timely Charge with the EEOC regarding Defendant's acts during the grievance process, dismissal of that claim is without prejudice.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 23]. The Court **DISMISSES with prejudice** Plaintiff's claims

6

of discriminatory discipline and termination and **DISMISSES without prejudice** Plaintiff's claim of discrimination during the grievance arbitration process.

So ORDERED this 4th day of August, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT